**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Cesar Chiang**, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **Thai Chili 2 Go, LLC**, an Arizona Limited Liability Company; **TC2GO 101 & Elliot, LLC**, an Arizona Limited Liability Company; **Tc2go Camelback LLC**, an Arizona Limited Liability Company; **TC2GO CHANDLER, LLC**, an Arizona Limited Liability Company; **Tc2go Dove, LLC**, an Arizona Limited Liability Company; **TC2GO POWER, LLC**, an Arizona Limited Liability Company; **TC2GO SANTAN, LLC**, an Arizona Limited Liability Company; **TC2GO SCOTTSDALE, LLC**, an Arizona Limited Liability Company; **ARS Global Inc.**, an Arizona Corporation; **Akshat Sethi and Jane Doe Sethi**, a Married Couple; and **"Tuk" Doe and John Doe**, a Married Couple, <br><br> Defendants. | No. _____ <br><br> **COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiff, Cesar Chiang ("Plaintiff"), individually, and on behalf of all other persons similarly situated, alleges as follows:

-1-

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action on behalf of himself and all similarly-situated current and former Team Members[1] of Defendants Thai Chili 2 Go, LLC; TC2GO 101 & Elliot, LLC; Tc2go Camelback LLC; TC2GO CHANDLER, LLC; Tc2go Dove, LLC; TC2GO POWER, LLC; TC2GO SANTAN, LLC; TC2GO SCOTTSDALE, LLC; ARS Global Inc.; Akshat Sethi and Jane Doe Sethi; and Tuk Doe and John Doe[2] who were not compensated at a rate of one and one-half times their regular rates of pay for hours they worked in excess of 40 in a given workweek.

2.    Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.    Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

---

[1]    For the purposes of this Complaint, "Team Member" is exclusively a title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and putative class–which includes dishwashers, kitchen prep workers, line cooks, cashiers, and managers, whether paid an hourly or weekly rate–, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

[2]    All Defendants to this action are collectively referred to as either "Thai Chili 2 Go" or "Defendants" unless specified otherwise.

4.      The Collective Members are all current and former Team Members who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

7.      Defendants engaged in the regular policy and practice of subjecting Plaintiff and the Collective Members to their policy and practice of failing and/or refusing to pay them overtime for time they worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

8.      Therefore, Defendants did not pay Plaintiff or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

**JURISDICTION AND VENUE**

9.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

-3-

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

12.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

13.     At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and has been an employee of Defendants.

14.     At all material times, Plaintiff is a full-time, non-exempt employee of Defendants who has worked for Defendants from approximately May 2017 through the present.

15.     From the beginning of his employment with Defendants through approximately December 2017, Plaintiff worked for Defendants as kitchen staff earning an hourly rate of between $13.00 and $14.50.

16.     From approximately January 2018 through the present, Plaintiff has worked as kitchen staff for Defendants earning approximately $900 per week.

17.     At all material times, Plaintiff was and is employed by Defendants. Defendants have employed Plaintiff to perform various "back-of-house" kitchen-related labor.

-4-

18.     At all material times, Plaintiff is and has been an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and is and has been a non-exempt employee under 29 U.S.C. § 213(a)(1).

19.     Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

20.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former Team Members of Defendants, including but not limited to Team Members who agree in writing to join this action seeking recovery under the FLSA.

21.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, Team Members who were not paid overtime for time worked in excess of 40 hours in any given workweek and whose wages, therefore, were non-compliant with the FLSA.

22.     Defendant Thai Chili 2 Go, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

23.     Under the FLSA, Defendant Thai Chili 2 Go, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Thai Chili 2 Go, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment,

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1   and maintained employment records in connection with Plaintiff's and the Collective

2   Members' employment with Defendants.  As a person who acted in the interest of

3   Defendants in relation to the company's employees, Thai Chili 2 Go, LLC is subject to

4   liability under the FLSA.

5          24.    Defendant TC2GO 101 & Elliot, LLC is an Arizona limited liability

6   company, authorized to do business in the State of Arizona and is at all relevant times

7   Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

8          25.    Under the FLSA, Defendant TC2GO 101 & Elliot, LLC is an employer.

9   The FLSA defines "employer" as any person who acts directly or indirectly in the interest

10  of an employer in relation to an employee.  At all relevant times, Defendant TC2GO 101

11  & Elliot, LLC had the authority to hire and fire employees, supervised and controlled

12  work schedules or the conditions of employment, determined the rate and method of

13  payment, and maintained employment records in connection with Plaintiff's and the

14  Collective Members' employment with Defendants.  As a person who acted in the

15  interest of Defendants in relation to the company's employees, TC2GO 101 & Elliot,

16  LLC is subject to liability under the FLSA.

17         26.    Defendant Tc2go Camelback, LLC is an Arizona limited liability company,

18  authorized to do business in the State of Arizona and is at all relevant times Plaintiff's

19  and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

20         27.    Under the FLSA, Defendant Tc2go Camelback, LLC is an employer.  The

21  FLSA defines "employer" as any person who acts directly or indirectly in the interest of

22  an employer in relation to an employee.  At all relevant times, Defendant Tc2go

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Camelback, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Tc2go Camelback, LLC is subject to liability under the FLSA.

28.     Defendant TC2GO CHANDLER, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

29.     Under the FLSA, Defendant TC2GO CHANDLER, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant TC2GO CHANDLER, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, TC2GO CHANDLER, LLC is subject to liability under the FLSA.

30.     Defendant TC2GO Dove, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

31.     Under the FLSA, Defendant TC2GO Dove, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant TC2GO Dove, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, TC2GO Dove, LLC is subject to liability under the FLSA.

32.     Defendant TC2GO POWER, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

33.     Under the FLSA, Defendant TC2GO POWER, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant TC2GO POWER, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, TC2GO POWER, LLC is subject to liability under the FLSA.

34.     Defendant TC2GO SANTAN, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

35.     Under the FLSA, Defendant TC2GO SANTAN, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant TC2GO SANTAN, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, TC2GO SANTAN, LLC is subject to liability under the FLSA.

36.     Defendant TC2GO SCOTTSDALE, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

37.     Under the FLSA, Defendant TC2GO SCOTTSDALE, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant TC2GO SCOTTSDALE, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in

the interest of Defendants in relation to the company's employees, TC2GO

SCOTTSDALE, LLC is subject to liability under the FLSA.

38.    Defendant ARS Global Inc. is an Arizona corporation, authorized to do

business in the State of Arizona and is at all relevant times Plaintiff's and the Collective

Members' employer as defined by 29 U.S.C. § 203(d).

39.    Under the FLSA, Defendant ARS Global Inc.is an employer.  The FLSA

defines "employer" as any person who acts directly or indirectly in the interest of an

employer in relation to an employee.  At all relevant times, Defendant ARS Global Inc.

had the authority to hire and fire employees, supervised and controlled work schedules or

the conditions of employment, determined the rate and method of payment, and

maintained employment records in connection with Plaintiff's and the Collective

Members' employment with Defendants.  As a person who acted in the interest of

Defendants in relation to the company's employees, ARS Global Inc. is subject to

liability under the FLSA.

40.    Defendant Akshat Sethi and Jane Doe Sethi are, upon information and

belief, husband and wife.  They have caused events to take place giving rise to the claims

in this Complaint as to which their marital community is fully liable.  Akshat Sethi and

Jane Doe Sethi are owners of Thai Chili 2 Go, and were at all relevant times Plaintiff's

and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

41.    Under the FLSA, Defendants Akshat Sethi and Jane Doe Sethi are

employers.  The FLSA defines "employer" as any individual who acts directly or

indirectly in the interest of an employer in relation to an employee.  Akshat Sethi and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Jane Doe Sethi are the owners of Thai Chili 2 Go.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Akshat Sethi and Jane Doe Sethi are subject to individual liability under the FLSA.

42.     Defendant "Tuk" Doe is the fictional designation for a Defendant in this case who is an individual whose full name is unknown at this time.  Defendant John "Tuk" Doe is "Tuk" Doe's spouse.

43.     Defendant "Tuk" Doe and John "Tuk" Doe are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  "Tuk" Doe and John "Tuk" Doe are owners of Thai Chili 2 Go, and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

44.     Under the FLSA, Defendants "Tuk" Doe and John "Tuk" Doe are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  "Tuk" Doe and John "Tuk" Doe are the owners of Thai Chili 2 Go.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members'

-11-

employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, "Tuk" Doe and John "Tuk" Doe are subject to individual liability under the FLSA.

45.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

46.    Defendants, and each of them, are sued in both their individual and corporate capacities.

47.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

48.    At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

49.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

50.    At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

51.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

52.    At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

53.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

54.     At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members.

55.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

56.     Defendants operate a chain of fast casual restaurants under the assumed name "Thai Chili 2 Go."  They advertise themselves as such on their website.  The fact that they run each Thai Chili 2 Go identically and their customers can expect the same kind of customer service regardless of the location is a significant advertising point of Defendants.

57.     Defendants represent themselves to the general public as one restaurant company operating at multiple locations.  They share employees, have a common management, have a common ownership, operate each location as "Thai Chili 2 Go,"

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-13-

pool their resources, operate from the same headquarters, share common statutory agents, and have the same operating name. This is a family of restaurants that advertises together on the same website, provides the same array of products and services to its customers, and uses the same business model. The Thai Chili 2 Go family of restaurants exists under the control and direction of Defendants–specifically Akshat Sethi and Jane Doe Sethi and "Tuk" Doe and John "Tuk" Doe. This family of restaurants provides the same service product to its customers by using a set formula when conducting its business. Part of that set formula is the wage violations alleged in this Complaint. These facts represent a classic example of "corporate fragmentation."

58.     Defendants' joint business purpose is to own and manage a chain of fast casual restaurants known as Thai Chili 2 Go.

59.     Defendants own and operate at least eight Thai Chili 2 Go locations.

60.     These locations include the following:

  a. Thai Chili 2 Go Chandler, located at Las Tienda Village, 2895 South Alma School Rd. #5, Chandler, Arizona 85286 ("Chandler" location);

  b. Thai Chili 2 Go Queen Creek, located at Queen Creek Marketplace, 21202 South Ellsworth Loop #109, Queen Creek, Arizona 85142 ("Queen Creek" location);

  c. Thai Chili 2 Go South East Mesa, located at 4984 South Power Road #1, Mesa, Arizona 85212 ("South East Mesa" location);

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-14-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

d.  Thai Chili 2 Go Gilbert, located at 6510 South Higley Road #105, Gilbert, Arizona 95298 ("Gilbert" location);

e.  Thai Chili 2 Go Scottsdale, located at 16203 North Scottsdale Road #105, Building 8, Scottsdale, Arizona 85254 ("Scottsdale" location);

f.  Thai Chili 2 Go Gilbert Santan, located at 1887 East Williams Field Road Suite 101, Gilbert, Arizona 85295 ("Gilbert Santan" location);

g.  Thai Chili 2 Go North Phoenix, located at 2750 West Dove Valley Road #180, Phoenix, Arizona 85085 ("North Phoenix" location); and

h.  Thai Chili 2 Go Biltmore, located at Camelback Colonnade, 1949 East Camelback Road Suite 161, Phoenix, Arizona 85016 ("Biltmore" location);

## INDIVIDUAL AND COLLECTIVE FACTUAL ALLEGATIONS

61.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.  Defendants operate a chain of fast casual restaurants called "Thai Chili 2 Go."

63.  At all relevant times, Defendants have employed hourly rate Team Members to perform kitchen prep, cashier, dishwashing, and prep cook-related duties at hourly rates of pay for such work performed.

64.  At all relevant times, Defendants have operated pursuant to a policy and practice of not allowing any of their hourly rate Team Members to reach 40 hours of

-15-

work in a given workweek at any one Thai Chili 2 Go restaurant location.  Instead, Defendants require any hourly Team Members who works more than 40 hours in a given workweek to perform such work at multiple Thai Chili 2 Go restaurant locations in order to give the appearance that such worker has worked less than 40 hours for distinct, separate entities.

65.     At all relevant times, Defendants have employed weekly-rate Team Members to perform kitchen prep, cashier, dishwashing, and prep cook-related duties at weekly rates of pay for such work performed.

66.     At all relevant times, Defendants have operated pursuant to a policy and practice of not allowing any of their weekly rate Team Members to reach 40 hours of work in a given workweek at any one job code.  Instead, Defendants require any weekly rate Team Members who works more than 40 hours in a given workweek to perform such work at two different "job codes" in order to give the appearance that such worker has worked less than 40 hours for distinct, separate job titles.

67.     From the beginning of his employment with Defendants through approximately December 2017, Plaintiff worked for Defendants as an hourly rate Team Member earning an hourly rate of between $13.00 and $14.50.

68.     During his time working as an hourly rate Team Member for Defendants, Plaintiff worked primarily at the South East Mesa location.  However, Defendants required him to perform work that exceeded 40 hours in a given workweek at any one or more of the Gilbert, Chandler, or Queen Creek locations.

-16-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

69.     From approximately January 2018 through the present, Plaintiff has worked for Defendants as a weekly rate Team Member, earning approximately $900 per week.

70.     During his time working as a weekly rate Team Member for Defendants, Plaintiff has generally worked five 11-hour shifts per week, for a total minimum hours worked of 55 hours per week.

71.     During his time working as a weekly rate Team Member for Defendants, Defendants have instructed Plaintiff to clock in at the "1535" job code for his first three shifts (33 hours) per week and at the "2535" job code for his second two shifts (22 hours) per week.

72.     During his time as a weekly rate Team Member, Defendants have not paid Plaintiff on a salary basis.

73.     During his time as a weekly rate Team Member, Defendants made deductions from Plaintiff's paychecks for partial-absences.

74.     Specifically, if, as a weekly rate Team Member, Plaintiff calls out for part of the day, Defendants deduct an hourly equivalent in wages from his paycheck.

75.     Al all relevant times, Plaintiff and the Collective Members, collectively, have performed work at the each and every of Defendants' locations.

76.     At all relevant times, Defendants have employed Plaintiff and the Collective Members to perform either "front of house" or "back of house" duties at hourly rates of pay for such work performed.

77.     At all relevant times, Defendants have operated pursuant to a policy and practice of not allowing any of their hourly rate Team Members, including Plaintiff and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-17-

the Collective Members, to reach 40 hours of work in a given workweek at any one Thai

Chili 2 Go restaurant location.  Instead, Defendants require any hourly rate Team

Members, including Plaintiff and the Collective Members, who works more than 40

hours in a given workweek to perform such work at multiple Thai Chili 2 Go restaurant

locations in order to give the appearance that such workers, including Plaintiff and the

Collective Members, have worked less than 40 hours for distinct, separate entities.

78.     At all relevant times, Defendants have employed weekly rate Team

Members, including Plaintiff and the Collective Members, to perform either "front of

house" or "back of house" duties at weekly rates of pay for such work performed.

79.     At all relevant times, Defendants have operated pursuant to a policy and

practice of not allowing any of their weekly rate Team Members, including Plaintiff and

the Collective Members, to reach 40 hours of work in a given workweek at any one job

code.  Instead, Defendants require any weekly rate Team Members, including Plaintiff

and the Collective Members, who work more than 40 hours in a given workweek to

perform such work at two different "job codes" in order to give the appearance that such

workers have worked less than 40 hours for distinct, separate job titles.

80.     At all relevant times, Defendants did not pay Plaintiff or the Collective

Members one- and one-half times their regular rates of pay for time spent working in

excess of 40 hours in a given workweek.

81.     Plaintiff and the Collective Members are and were non-exempt employees.

82.     From the beginning of Plaintiff's and the Collective Members' employment

through the present day, Defendants failed to properly compensate Plaintiff and the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Collective Members for any of their overtime hours.  During this time, Plaintiff and the Collective Members generally worked between approximately fifty (50) and sixty (60) or more hours per given workweek.

83.     At all relevant times, Plaintiff and the Collective Members were paid exclusively at their regular rate of pay and were never paid overtime for time they worked in excess of 40 hours in a given workweek.

84.     Such conduct on the part of Defendants violated the FLSA, 29 U.S.C. § 207(a).

85.     At all relevant times, Plaintiff and the Collective Members were not paid on a salary basis.

86.     At all relevant times, Plaintiff and the Collective Members were not managers.

87.     At all relevant times, Plaintiff and the Collective Members did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

88.     At all relevant times, Plaintiff's and the Collective Members' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-19-

89.     At all relevant times, From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

90.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

91.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

92.     Therefore, in a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members were subject to Defendants' policy and practice of not paying one- and one-half times Plaintiff's and the Collective Members' regular rates of pay.

93.     In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked more than 40 hours but were not paid the applicable one and one half times Plaintiff's and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

94.     Plaintiff believes and therefore claims that Defendants subjected each and every Team Member that they employed, including Plaintiff and the Collective Members,

to their policy and practice of not paying one- and one-half times Plaintiff's and the Collective Members' regular rates of pay.

95.    Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

96.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

97.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and Collective Members' work and wages at all relevant times.

98.    Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

99.    At all times material, Defendants paid Plaintiff and the Collective Members at their regular rates of pay, regardless of whether they worked in excess of 40 hours in a given workweek.

100.    Defendants subjected all of their Team Members, including Plaintiff and the Collective Members, to their policy and practice of not paying their Team Members one- and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

101.    At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying their Team Members one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

102.    Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

103.    The Collective Members perform or have performed the same or similar work as Plaintiff.

104.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

105.    While Plaintiff and Defendants have described Plaintiff's and the Collective Members' job titles as Team Members, the specific job titles, compensation rates, or precise job responsibilities of each Collective Member does not prevent collective treatment.

106.    All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

107.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

108.    As such, Plaintiff bring his FLSA overtime wage claim as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former Team Members, whether paid an hourly or weekly rate who worked at multiple Thai Chili 2 Go locations in a given workweek or who worked at multiple Thai Chili 2 Go job codes in a given workweek and who were not paid one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek, at any time <u>three years before this lawsuit was filed up to the present</u>.**

109.    Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

110.    Defendants are aware or should have been aware that federal law prohibited them from not paying their Team Members–namely, Plaintiff and the Collective Members–an overtime premium wage for time spent working in excess of 40 hours per given workweek.

111.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

112.    This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

113.    Upon information and belief, the individuals similarly situated to Plaintiff include more than seventy-five (75) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

114.    Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## **DAMAGES**

115.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

116.    Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one- and one-half times their regular rates of pay.

117.    Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

118.   Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

119.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

120.   At all relevant times, Defendants did not pay Plaintiff or the Collective Members one- and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

121.   Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

122.   As such, unpaid overtime wages for such time Plaintiff and the Collective Members worked in excess of 40 hours per given workweek is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

123.   Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

124.   Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional

equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Cesar Chiang, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.  For the Court to declare and find that the Defendants committed one or more of the following acts:

   i.   violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

   ii.  willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.  For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.  For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

F.   For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.   Such other relief as this Court deems just and proper.

<u>**REQUEST FOR COLLECTIVE ACTION CERTIFICATION**</u>

As to Count I of this Complaint, Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

<u>**JURY TRIAL DEMAND**</u>

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 24th day of July, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-27-