1  Gordon Lewis, Bar #015162
   Ravi V. Patel, Bar #030184
2  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
3  Phoenix, Arizona 85004
   Telephone: (602) 263-1700
4  Fax: (602) 200-7897
   glewis@jshfirm.com
5  rpatel@jshfirm.com

6  *Attorneys for Defendants Thai Chili 2 Go,
   LLC; TC2GO 101 & Elliott, LLC; Tc2go
7  Camelback, LLC; TC2GO CHANDLER,
   LLC; TC2go Dove, LLC; TC2GO POWER,
8  LLC; TC2GO SANTAN, LLC; TC2GO
   SCOTTSDALE, LLC, TC2GO Higley, LLC,,
9  TC2GO Mesa, LLC, ARS Global Inc.; Akshat
   Sethi and Jane Doe Sethi; and "Tuk" Doe
10 and John Doe*

11

12 BENDAU & BENDAU PLLC
   Clifford P. Bendau, II (AZ Bar No. 030204)
   Christopher J. Bendau (AZ Bar No. 032981)
13 P.O. Box 97066
   Phoenix, Arizona 85060
14 Telephone: (480) 382-5176
   Fax: (480) 304-3805
15 Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
16
   *Attorneys for Plaintiff and Opt-In Plaintiffs*
17

18

19 **UNITED STATES DISTRICT COURT**

20 **DISTRICT OF ARIZONA**

| | |
|---|---|
| 21  Cesar Chiang, individually, and on behalf of all others similarly situated, | NO. 2:19-cv-04801-JJT |
| 22 | |
| 23                                                    Plaintiff, | **Motion for Approval of FLSA Collective Action Settlement** |
| 24              v. | |
| 25  Thai Chili 2 Go, LLC, an Arizona Limited Liability Company; TC2GO 101 & Elliott, LLC, an Arizona Limited Liability Company; Tc2go Camelback, LLC, an Arizona Limited Liability Company; TC2GO CHANDLER, LLC, an Arizona Limited Liability Company; TC2go Dove, LLC, an Arizona Limited | (Assigned to the Honorable John J. Tuchi) |

28

8611438.1

Liability Company; TC2GO POWER, LLC, an Arizona Limited Liability Company; TC2GO SANTAN, LLC, an Arizona Limited Liability Company; TC2GO SCOTTSDALE, LLC, an Arizona Limited Liability Company; TC2GO Higley, LLC, An Arizona Limited Liability Company, TC2GO Mesa, LLC, an Arizona Limited Liability Company, ARS Global Inc., an Arizona Corporation; Akshat Sethi and Jane Doe Sethi, a Married Couple; and "Tuk" Doe and John Doe, a Married Couple,

Defendants.

Pursuant to 29 U.S.C. §216(b), the Parties jointly request that the Court approve the settlement in the matter, for the reasons set forth below.

## I.   PROCEDURAL HISTORY

Plaintiff Cesar Chiang filed this lawsuit alleging that he was not paid overtime in workweeks where he worked at multiple restaurants owned by Defendants for a combined total of more than 40 hours in workweek as an hourly worker.  He also claimed that he was misclassified as exempt as a Kitchen Manager, and not paid overtime for workweeks in which he worked more than 40 hours.  Plaintiff sued on behalf of a collective of similarly situated individuals and sought approval of a collective with two subclasses, one of hourly workers who worked at multiple restaurants for a combined total of more than 40 hours per workweek, and one of Kitchen Managers and Assistant Kitchen Managers whom he alleged were misclassified as exempt and therefore not paid overtime.  On February 18, 2020, the Court granted conditional certification for the subclass of hourly workers who worked at multiple stores, and denied certification for the subclass of Kitchen Managers.  By the end of the 60 day notice period, 19 additional plaintiffs had opted into the lawsuit by filing consent to sue forms.  On May 18, 2020, the parties attended a settlement conference with U.S. Magistrate Judge John Z. Boyle and, with his assistance, reached an agreement to settle the case.  Prior to the settlement conference, Defendants disclosed documentation showing the hours worked and pay for Plaintiff and each of the Opt-In Plaintiffs.

After further negotiations, the parties finalized a formal settlement agreement, which is attached hereto as **Exhibit A**. The parties now request that the Court approve this settlement.

## II. THE COURT SHOULD APPROVE THE FLSA SETTLEMENT AS FAIR AND REASONABLE.

"FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." *Semiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) (citing *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013)). "In reviewing an FLSA settlement, the district court's obligation is not to act as caretaker but as gatekeeper; rather, it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." *Quintana v. HealthPlanOne LLC*, CV-18-02169-PHX-RM, 2019 WL 3342339, at *1 (D. Ariz. July 25, 2019). Courts within the Ninth Circuit generally apply the Eleventh Circuit standard, which asks whether the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Nall*, 723 F.3d at 1308 n.3. "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages ..., the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Juvera v. Salcido*, No. 11-2119, 2013 WL 6628039, at *8 (D. Ariz. Dec. 17, 2013) citing *Khanna v. Inter–Con Sec. Systems*, Inc., 2012 WL 4465558, at *10 (E.D.Cal. Sept. 25, 2012).

### A. The Proposed Settlement Is the Product of Contested Litigation and Resolves a Bona Fide Dispute Between the Parties

This matter was resolved after the lawsuit was filed and prospective members of the collective action class were given an opportunity to opt into the litigation. The parties, both represented by experienced counsel, negotiated a settlement in an arms-length negotiation – a settlement conference before a U.S. Magistrate Judge who worked with the parties and assisted in negotiating a fair settlement. The facts of this case were disputed, including whether Defendants were joint employers under applicable law, and

whether Cesar Chiang was misclassified as an exempt Kitchen Manager.

### B. **The Proposed Settlement is Fair and Reasonable**

Through the settlement, each Plaintiff and Opt-In Plaintiff **receive all of the overtime premiums and associated liquidated damages to which they would have been entitled if they had prevailed on their claim** that they were entitled to an overtime premium for work performed multiple restaurants as hourly workers. The ten opt-in Plaintiffs who were paid for all overtime work during the relevant time period will receive a payment of $200.00 each in consideration of the settlement. In addition, Plaintiff Cesar Chiang received an additional $10,000 in settlement of his individual misclassification claim and as a service award for serving as a class representative.

Plaintiffs' counsel has significant experience in wage and hour litigation and believes the monetary terms of the Settlement are fair and reasonable. Plaintiffs' Counsel accepted and litigated this action on a contingency basis, agreeing to receive either 40% of the overall recovery or Plaintiff's counsels' separately negotiated lodestar fees, whichever was greater, and have received no compensation for the outlay of attorney time, nor for any of the expenses incurred. See Representation Agreement, attached as **Exhibit B.** Moreover, there has never been any guarantee that Plaintiffs' Counsel would ever be paid for that time or reimbursed for those costs. No matter how many hours put in, no matter how burdensome the litigation, there would be no payment unless Plaintiffs prevailed, and received a money damages award and award of attorneys' fees. Moreover, this litigation involved many significantly complex issues, which exacerbated the risk of non-recovery.

Pursuant to the Settlement, the Plaintiffs will receive a total of $87,525.63 from the Defendants. This amount consists of damages and liquidated damages in the amount of $41,025.63, which will be distributed between the 20 Plaintiffs, as described above. This amount also includes Plaintiffs' counsel's attorneys' fees and costs in an amount of $46,500.00, which represents a reduction in Plaintiff's counsels' overall lodestar at the time of the mediation of nearly $60,000. The reduction was justified by the

uncertainty of further litigation, and Plaintiffs' counsel has since continued to devote time and resources to this matter since reaching a resolution. The settlement to the Plaintiffs, and the allocation to Plaintiffs' counsel of attorneys' fees and costs, is fair and reasonable. Plaintiffs request that this Court approve the settlement agreement.

### III.   CONCLUSION AND RELIEF REQUESTED

As demonstrated herein, Plaintiffs are entitled to Court approval of the $87,525.63 in damages, attorney's fees, and costs negotiated under 29 U.S.C § 216(b). The parties respectfully request the Court approve this motion and enter the attached proposed order.

DATED this 17th day of July 2020.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Ravi V. Patel
   Gordon Lewis
   Ravi V. Patel
   40 North Central Avenue, Suite 2700
   Phoenix, Arizona  85004

   *Attorneys for Defendants Thai Chili 2 Go, LLC; TC2GO 101 & Elliott, LLC; Tc2go Camelback, LLC; TC2GO CHANDLER, LLC; TC2go Dove, LLC; TC2GO POWER, LLC; TC2GO SANTAN, LLC; TC2GO SCOTTSDALE, LLC, , LLC; TC2GO SCOTTSDALE, LLC, TC2GO Higley, LLC,, TC2GO Mesa, LLC, ARS Global Inc.; Akshat Sethi and Jane Doe Sethi; and "Tuk" Doe and John Doe*

BENDAU & BENDAU, PLLC

By /s/ *Christopher J. Bendau* (*w/permission*)
   Clifford P. Bendau, II
   Christopher J. Bendau
   P.O. Box 97066
   Phoenix, Arizona 85060

   *Plaintiff and Opt-In Plaintiffs*

8611438.1                                5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of July, 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ *Lorraine Marques*

8611438.1

6